UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ELIZABETH FLORES,

                        Plaintiff,

              -against-

ANDREAS MICHAEL SCHILIT,

                        Defendant.
-------------------------------------------------------------X

08 CV 2418
Judge Kaplan

**ANSWER**

Jury Demanded

The defendant, ANDREAS MICHAEL SCHILIT, by his attorneys, BRAND GLICK & BRAND, P.C., answering the Complaint of the plaintiff, allege as follows:

FIRST:      Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs of the complaint designated "1", "2", "3", "4" and "6".

SECOND:      Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs of the complaint designated "5" and "7", and refer all questions of law to this Honorable Court.

THIRD:      Denies as to each and every allegation contained in the paragraph of the complaint designated "8", "9", "10", "11", "12", "13", "14" and "15".

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

FOURTH:      That plaintiff's sole and exclusive remedy is confined and limited to the benefits and provisions of Article 51 of the Insurance Law of the State of New York.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

FIFTH:      That plaintiff did not sustain serious injury as defined by Section 5102(d) of the Insurance Law of the State of New York and plaintiffs' exclusive remedy is

confined and limited to the benefits and provisions of Article 51 of the Insurance Law of the State of New York.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

SIXTH:    The plaintiff's causes of action are barred by Article 51, Section 5104 of the Insurance Law of the State of New York.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

SEVENTH:    The plaintiff failed and neglected to properly utilize, adjust and/or fasten automobile safety and/or seat belts which were available to the plaintiff, or should have been available, thereby increasing plaintiff's injuries and/or damages.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

EIGHTH:    In the event that the plaintiff recovers a verdict or judgment for damages herein, the amount of said verdict or judgment must be reduced by the proportion which the culpable conduct attributable to the plaintiff, including assumption of risk, bears to the culpable conduct which allegedly caused the damages.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

NINTH:    That any verdict in the within action for past, present and future medical care, dental care, custodial care or rehabilitation services, loss of earnings or other economic loss, should be reduced by the amount that any such expense has or will with reasonable certainty be replaced or indemnified in whole or in part from any collateral source, in accordance with the provisions and limitations of Section 4545 (c) of the CPLR.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

TENTH:    That the Court does not have jurisdiction over the person of the defendant herein, in that the summons and complaint was not personally served upon the

defendant, nor was service otherwise effected in compliance with the provisions of the Civil Practice Law and Rules.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

ELEVENTH: That the plaintiff failed to mitigate her damages.

WHEREFORE, the defendant demand judgment dismissing the complaint herein, together with the costs and disbursements of this action; and in the event the plaintiffs recover any sum of money against the answering defendant, together with such other and further relief as is proper.

Dated:   Garden City, New York
         March 11, 2008

BRAND GLICK & BRAND, P.C.

By: _____
Yuko Ann Nakahara, Esq. (YN 4184)
*Attorneys for Defendant*
*ANDREAS MICHAEL SCHILIT*
600 Old Country Road, Suite 440
Garden City, New York  11530
(516) 746-3500
File No. 36-5422

TO:   SHEARER & ESSNER, LLP
      *Attorneys for Plaintiff*
      50 Broadway
      New York, New York 10004
      (212) 750-4949

## ATTORNEY'S AFFIRMATION

YUKO ANN NAKAHARA, ESQ., an attorney duly admitted to practice law in the Courts of the State of New York, hereby affirms to the truth under the penalties of perjury:

That I am an associate with the law firm of BRAND GLICK & BRAND, P.C., the attorneys for the defendant, ANDREAS MICHAEL SCHILIT, in the within action; that affiant has read the foregoing **ANSWER** and knows the contents thereof; that the same is true to affiant's own knowledge, except as to those matters therein stated to be alleged on information and belief and that those matters affiant believes to be true. Affiant further says that the reason this Affirmation is not by the defendant is that he does not reside within the County wherein affiant maintains her office.

The grounds of affiant's belief as to all matters not stated upon affiant's knowledge are as follows: statements of the defendant and affiant's own general investigation into the facts and circumstances of this action.

DATED:   Garden City, New York
         March 11, 2008

_____
Yuko Ann Nakahara, Esq.

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK )
                  ss.:
COUNTY OF NASSAU  )

**Enid Velazquez**, being duly sworn, deposes and says:

Deponent is not a party to this action, is over 18 years of age and resides at Kings County, New York.

That on the /2 day of March, 2008 deponent served the within

## ANSWER

upon:

SHEARER & ESSNER, LLP
50 Broadway
New York, New York 10004

the addresses designated for that purpose, by depositing a true copy of same enclosed in a postpaid, properly addressed wrapper, in a post office - official depository under the exclusive care and custody of the United States Postal Service within New York State.

_Enid Velazquez_
**Enid Velazquez**

Sworn to before me this
/1 day of March, 2008

_Nina E. Goldberg_
Notary Public

NINA E. GOLDBERG
Notary Public, State of New York
No. 4841330
Qualified in Nassau County
Commission Expires Sept. 30, 2009

Index No.: _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

ELIZABETH FLORES,

                          Plaintiff,

    -against-

ANDREAS MICHAEL SCHILIT,
_____

## ANSWER
_____

**BRAND GLICK & BRAND**
Attorneys for Defendant(s)
**600 Old Count**
**Garden City, New York  11530**
**(516) 746-3500**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X    08 CV 2418
ELIZABETH FLORES,                                                Judge Kaplan

                          Plaintiff,

     -against-                                              **FIRST SET OF**
                                                       **INTERROGATORIES**

ANDREAS MICHAEL SCHILIT,

                          Defendant.
------------------------------------------------------------X

S I R S :

       PLEASE TAKE NOTICE, that defendants request that plaintiff(s) answer under oath in accordance with Rule 33 of the Federal Rules of Civil Procedure, the following interrogatories and produce the following described documents in accordance with Rules 26 and 34 of the Federal Rules of Civil Procedure:

1.   (a)   Plaintiff's date of birth; and,
     (b)   Plaintiff's Social Security Number.

2.   Post office and residence address of each plaintiff.

3.   The date and approximate time of day of the occurrence.

4.   The approximate location of the occurrence.

5.   The manner in which it occurred.

6.   A general statement of the acts or omissions constituting the negligence claimed. If any violation of any rule, law, custom, ordinance or statute is claimed, identify and specify the provisions of same.

7.   A statement of the injuries claimed to have been sustained as a result of the occurrence, and the nature and extent thereof.

8.   A statement of such injuries claimed to be permanent and the nature and extent thereof.

9.   Length of time and dates confined to bed and house.

10. Length of time and dates incapacitated from employment.

11. Itemize all amounts claimed as special damages for:
    (a) Physicians' services;
    (b) Medical supplies;
    (c) Hospital expenses;
    (d) Nurses' services;
    (e) Loss of earnings; and,
    (f) All other special damages.

12. State the name and address of plaintiff's employer at the time of the occurrence, if any; nature of plaintiff's employment and amount of salary.

13. If plaintiff was self-employed at the time of the occurrence, state the facts upon which plaintiff bases his claim for loss of earnings, if any.

14. If property damages are claimed, describe the article, the damage thereto, date of purchase, original cost and cost of repair.

15. If property damage to an automobile is claimed, state the following: (a) the make, style, model year of manufacture, serial number and license number of plaintiff's motor vehicle; and (b) the parts of the motor vehicle alleged to have been damaged and the cost of repair or replacement thereof.

16. Whether it is claimed that the defendant had actual or constructive notice of the alleged defective condition.

17. If actual notice is claimed, set forth the date and to whom notice was given; if constructive notice is claimed, set forth the length of time it is alleged said condition existed.

18. State if any of the amounts in answer to Paragraph "11" have been paid under coverage afforded by the Comprehensive Automobile Insurance Reparation Act.

19. The amount of such payment. List each item separately.

20. Name of insurance company making such payment.

21. State in what respect plaintiff will claim to have sustained (1) a "serious injury'" or (2) economic loss greater than "basic economic loss", as is required and defined under the Insurance Law, Section 5102(a) and (b).

22. State whether it is claimed that any pre-existing injury, neurological disturbance, psychiatric condition or physical condition of the plaintiff had been aggravated as a result of the occurrence. If so: (1) specify each pre-

existing condition that had been aggravated; and (2) state the manner in which each such condition had been aggravated.

Dated: Garden City, New York
March 11, 2008

                                      BRAND GLICK & BRAND, P.C.

                                      By: _____
                                      Yuko Ann Nakahara, Esq. (YN 4184)
                                      *Attorneys for Defendant*
                                      ANDREAS MICHAEL SCHILIT
                                      600 Old Country Road, Suite 440
                                      Garden City, New York  11530
                                      (516) 746-3500
                                      File No. 36-5422

TO:   SHEARER & ESSNER, LLP
       *Attorneys for Plaintiff*
       50 Broadway
       New York, New York 10004
       (212) 750-4949

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X     08 CV 2418
ELIZABETH FLORES,                                                Judge Kaplan

                              Plaintiff,

               -against-                                                         **FIRST REQUEST FOR PRODUCTION OF DOCUMENTS & THINGS**

ANDREAS MICHAEL SCHILIT,

                             Defendant.
-----------------------------------------------------------X

S I R S :

     PLEASE TAKE NOTICE, that demand is hereby made of you to serve and deliver to the undersigned, the following:

1. A list of those attorneys who have appeared in this action, together with their addresses and the names of each party for whom such attorney has appeared.

2. A copy of any statement, written or oral, transcribed or recorded, signed or unsigned, given by or on behalf of any answering defendant serving this notice.

3. The names and addresses of all persons known:
   (a) To have witnessed the occurrence;
   (b) To have first hand knowledge of the occurrence;
   (c) To have notice of the condition which proximately caused the occurrence;
   (d) To have given notice of any existing condition; and,
   (e) To have first hand knowledge of the damages and/or injuries complained of.

4. A copy of any written or recorded reports of the alleged occurrence prepared in the course of business operations or practices of any person or entity.

5. All photographs of:
   (a) Each Plaintiff, showing the injuries or the effects thereof, allegedly sustained as a result of the occurrence herein;
   (b) The condition of the scene to be alleged to represent the scene at the time of the occurrence and intended to be introduced at the trial;
   (c) The vehicle of any and all parties showing the extent of damages, if any, to the vehicle following the alleged occurrence;
   (d) Any instrumentalities involved in the alleged occurrence.

6. Duly executed and acknowledged authorizations from each plaintiff permitting the undersigned or their representatives to examine and make copies of the no-fault file maintained by any person or entity arising out of any claim for no-fault benefits relative to the occurrence herein.

7. Copies of all reports of all physicians and others who examined, attended, cared for and treated the plaintiff for the injuries and conditions and aggravations for which damages are claimed in this lawsuit, specifying in full said injuries and conditions, the dates of visits and fees therefor.

8. Duly executed and acknowledged authorizations permitting the undersigned to obtain copies of all hospital records, and to examine the x-rays thereof, where the injured plaintiff were examined, attended, treated and/or confined following the said occurrence.

9. Duly executed and acknowledged authorizations permitting the undersigned or their representatives to examine and make copies of the records of all physicians and others who examined, attended, cared for and treated the plaintiff for the injuries and conditions and aggravations for which damages are claimed in this lawsuit, including actual x-rays, test data and interpretations, consultations, diagnoses, prognoses and medical history.

10. Duly executed and acknowledged authorizations permitting the undersigned or their representatives to examine and make copies of records of all physicians, hospitals and others who examined, attended, cared for and treated the injured plaintiff prior to the alleged occurrence involved in this lawsuit for injuries and conditions to the same parts of the body allegedly injured in said occurrence.

11. If plaintiff is claiming lost earnings, duly executed and acknowledged authorizations permitting the undersigned or their representatives to examine and make copies of plaintiff' employment records relevant to the above action. Demand is also made for a copy of plaintiff' W-2 forms and income tax returns for the three years preceding the occurrence and the year of the occurrence itself, discoverable under Rule 3120 of the CPLR and the cases of <u>Gillian v. Lepone</u>, 295 N.Y.S.2d 955 and <u>Ortiz v. Mary Immaculate Hospital</u>, 368 N.Y.S.2d 57.

12. If plaintiff is claiming any disabilities following the occurrence, duly executed and acknowledged authorizations permitting the undersigned or their representatives to examine and make copies of plaintiff' employment records and/or school records which relate to attendance, medical history, treatment and examinations by all physicians, nurses, hospitals and others.

13. Pursuant to CPLR 4545, copies of any and all books, records, bills, insurance applications, insurance receipts, checks, cancelled checks and any and all other records pertaining to collateral source reimbursements received by plaintiff or on behalf of plaintiff for the special damages alleged in the instant lawsuit.

14. Pursuant to CPLR 4545, duly executed authorizations permitting the defendants to obtain the records of any person, institution, facility or governmental agency which has provided or will provide any reimbursement for any of the special damages alleged herein, whether or not such person, organization, facility or governmental agency has been listed in response to Paragraph "13" above.

PLEASE TAKE FURTHER NOTICE that pursuant to CPLR 2103(5), the offices BRAND GLICK & BRAND, P.C., will not accept service of papers by facsimile (FAX) transmittal or other electronic means.

PLEASE TAKE FURTHER NOTICE, that the within demands are continuing. In the event of your failure to comply with this demand within twenty (20) days hereof, this defendant will exercise its rights pursuant to the Civil Practice Law and Rules and Rules of the Appellate Division, to preclude you from offering any evidence at the trial of this action with respect to the foregoing demands.

Dated:  Garden City, New York
        March 11, 2008

                BRAND GLICK & BRAND, P.C.

                By: _____
                Yuko Ann Nakahara, Esq. (YN 4184)
                *Attorneys for Defendant*
                *ANDREAS MICHAEL SCHILIT*
                600 Old Country Road, Suite 440
                Garden City, New York 11530
                (516) 746-3500
                File No. 36-5422

TO:  SHEARER & ESSNER, LLP
     *Attorneys for Plaintiff*
     50 Broadway
     New York, New York 10004
     (212) 750-4949

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X   08 CV 2418
ELIZABETH FLORES,                                                     Judge Kaplan

                       Plaintiff,

      -against-                                                          **DEMAND FOR**
                                                                                  **EXPERT WITNESS**
ANDREAS MICHAEL SCHILIT,                                              **INFORMATION**

                       Defendant.
------------------------------------------------------------------X

       Pursuant to the Federal Rules of Civil Procedure, you are hereby required to provide the answering party herein with the following information:

1. The name and address of each person who will be called as an expert witness at the trial.

2. The subject matter on which each expert is expected to testify.

3. The substance of the facts and opinions on which each expert is expected to testify.

4. The qualifications of each expert witness.

5. A summary of the grounds for each expert's opinion.

Dated:     Garden City, New York
             March 11, 2008

                                                               BRAND GLICK & BRAND, P.C.

                                                               By:_____
                                                               Yuko Ann Nakahara, Esq. (YN 4184)
                                                              *Attorneys for Defendant*
                                                               *ANDREAS MICHAEL SCHILIT*
                                                               600 Old Country Road, Suite 440
                                                               Garden City, New York  11530
                                                               (516) 746-3500
                                                               File No. 36-5422

TO:     SHEARER & ESSNER, LLP
*Attorneys for Plaintiff*
50 Broadway
New York, New York 10004
(212) 750-4949

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X   08 CV 2418
ELIZABETH FLORES,                                                     Judge Kaplan

                            Plaintiff,

        -against-                                                     **NOTICE FOR DEPOSITIONS**

ANDREAS MICHAEL SCHILIT,

                            Defendant.
------------------------------------------------------------------X

S I R S:

   PLEASE TAKE NOTICE, that pursuant to the applicable provisions of the Federal Rules of Civil Procedure and Rules of this Court, the undersigned will take the testimony of the adverse parties, in the following manner:

| | | |
|---|---|---|
| Before | : | A Notary Public |
| At | : | THE COURTHOUSE - U.S. DISTRICT COURT/SOUTHERN DISTRICT |
| On | : | April 30, 2008 At: 10:00 A.M. |

upon all of the relevant facts and circumstances surrounding the accident which is the subject of this action, including negli- gence, contributory negligence and damages; and for the purposes authorized by the provisions of the Federal rules of Civil Procedure, said adverse party is required to produce at such examination, the following: Any and all reports, memoranda, documents or other writings, pertaining to the matter in controversy, in defendant/plaintiff's possession and/or control.

Dated:   Garden City, New York
         March 11, 2008

                                            BRAND GLICK & BRAND, P.C.

                                            By:_____
                                            Yuko Ann Nakahara, Esq. (YN 4184)
                                            *Attorneys for Defendant*
                                            *ANDREAS MICHAEL SCHILIT*
                                            600 Old Country Road, Suite 440
                                            Garden City, New York 11530
                                            (516) 746-3500
                                            File No. 36-5422

TO:     SHEARER & ESSNER, LLP
*Attorneys for Plaintiff*
50 Broadway
New York, New York 10004
(212) 750-4949

AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK )
                   ss.:
COUNTY OF NASSAU   )

**Enid Velazquez**, being duly sworn, deposes and says:

Deponent is not a party to this action, is over 18 years of age and resides at Kings County, New York.

That on the 12 day of March, 2008, deponent served the within:

**FIRST SET OF INTERROGATORIES,
FIRST NOTICE FOR PRODUCTION OF DOCUMENTS AND THINGS,
DEMAND FOR EXPERT WITNESS INFORMATION and NOTICE TO TAKE DEPOSITION**

upon:

SHEARER & ESSNER, LLP
50 Broadway
New York, New York 10004

the addresses designated for that purpose, by depositing a true copy of same enclosed in a postpaid, properly addressed wrapper, in a post office - official depository under the exclusive care and custody of the United States Postal Service within New York State.

_____
**Enid Velazquez**

Sworn to before me this
12 day of March, 2008.

_____
Notary Public

NINA E. GOLDBERG
Notary Public, State of New York
No. 4841330
Qualified in Nassau County
Commission Expires Sept. 30, 2009

Index No.: 08 CV 2418

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

ELIZABETH FLORES,

                                                     Plaintiff,

      -against-

ANDREAS MICHAEL SCHILIT,

                                                     Defendant.
_____

**DISCOVERY DEMANDS**

_____

**BRAND GLICK & BRAND**
Attorneys for Defendant(s)
**600 Old Country Road, Suite 440
Garden City, New York  11530
(516) 746-3500**